## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**ISMET DEARI, individually and
on behalf of all others similarly situated,**
       **Plaintiff,**

   v.                                                                      Case No.  14-C-0065

**MEYER & NJUS, P.A.,**
       **Defendant.**

---

## DECISION AND ORDER

Ismet Deari has filed a complaint alleging that Meyer & Njus, P.A., sent a debt-collection letter that violates the Fair Debt Collections Practices Act ("FDCPA").  Deari seeks to represent a class of similarly situated persons and has filed a motion for class certification.  However, he asks that I stay briefing on the motion for class certification until after the Federal Rule of Civil Procedure 16(b) conference.  The defendant does not oppose this motion, and therefore I will grant it.

The defendant has filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  However, in the motion, the defendant does not argue that the allegations of the complaint, if accepted as true, fail to state a claim under the FDCPA.  Rather, the defendant argues that the allegations of the complaint are untrue and attaches a declaration in support of this argument.  Thus, despite its label, the defendant's motion is not in substance a motion to dismiss for failure to state a claim; it is a motion for summary judgment under Federal Rule of Civil Procedure 56.

A party may file a motion for summary judgment "at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).  However, if a nonmovant shows by affidavit

or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may, among other things, deny the motion. Fed. R. Civ. P. 56(d). Here, Deari's counsel has submitted a declaration in which he states specified reasons for being unable to present facts essential to justify Deari's opposition to the motion—namely, the need to take the deposition of defendant's declarant and otherwise investigate the factual assertions made in support of the defendant's motion. Because discovery has not yet commenced, Deari's counsel has been unable to perform these tasks. Thus, I will deny the defendant's motion for summary judgment without prejudice to refiling after the plaintiff has had an opportunity to conduct discovery.[1]

**THEREFORE, IT IS ORDERED** that plaintiff's motion to stay the motion to certify a class is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to deny the defendant's motion to dismiss—which is actually a motion for summary judgment—without prejudice is **GRANTED** and that the defendant's motion is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 27th day of May, 2014.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] Defendant contends that had plaintiff conducted the reasonable inquiry required by Federal Rule of Civil Procedure 11 before filing his complaint, the plaintiff would be in possession of evidence that would enable him to oppose the motion for summary judgment. I disagree. One can perform a reasonable inquiry without obtaining all of the evidence needed to oppose a motion for summary judgment.